UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GLENDA NELL RASH                  CIVIL ACTION NO. 07-cv-0155

VERSUS                                      JUDGE JAMES

JIM NEWSOME TRUCKING, ET AL       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Glenda Nell Rash ("Plaintiff") filed suit in state court for personal injuries arising from a car accident. Defendants removed the case based on an assertion of diversity jurisdiction. Judge James conducted a two-day trial, and a jury returned a verdict in favor of Defendants.

Defendants filed a Bill of Costs (Doc. 51). Plaintiff was permitted five days, under Local Rule 54.4W, to object to the application. Plaintiff did not file any objection, and the Clerk taxed approximately $2,000 in costs. Plaintiff then filed a Motion to Review Clerk's Taxation of Costs (Doc. 64), and Defendants filed a Memorandum in Opposition. Doc. 66. Judge James referred the motion to the undersigned for report and recommendation. Doc. 67.

**Applicable Law**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "Unless ... a court order provides otherwise, costs - other than attorney's fees - should be allowed to the

1

prevailing party." The rule contains a "strong presumption" that the prevailing party will be awarded costs, so the general discretion conferred by the rule has been circumscribed by a judicially-created rule that a court may not deny or reduce a prevailing party's request for costs "without first articulating some good reason for doing so." Pacheco v. Mineta, 448 F.3d 783, 793-94 (5th Cir. 2006). The mere fact that the losing party's claim may have been brought in good faith is not enough, standing alone, to justify a denial of costs. Several other factors, sometimes combined with good faith, have been cited to justify withholding costs from the prevailing party. Those factors include:

 (1) The losing party's limited financial resources;

 (2) Misconduct by the prevailing party;

 (3) Close and difficult legal issues presented;

 (4) Substantial benefit conferred to the public; and

 (5) The prevailing party's enormous financial resources.

Pacheco, 448 F.3d at 794.

Good faith standing alone may not be justification for denial of costs, but it certainly may be considered. There is no indication from the record that Plaintiff did not file suit in good faith. All federal litigants have an obligation to bring suit in good faith, Pacheco, 448 F.3d at 795, and Defendants have not asserted that Plaintiff lacked good faith. Accordingly, Plaintiff's good faith will be assumed.

**Analysis of Denial of Costs**

Plaintiff commenced this action in state court, and the record is not clear as to whether she sought pauper status in that court. When Plaintiff filed her notice of appeal after the entry of judgment, she did apply for pauper status. Judge James directed that Plaintiff file an affidavit regarding her financial status. Plaintiff filed the affidavit (Doc. 59), and Judge James entered an order that granted pauper status for appeal (Doc. 60).

The affidavit shows that Plaintiff has not been employed since approximately 1991, and her total income for 2007 was $6,240, all of which falls in the category of "social security, unemployment compensation or welfare payments." Plaintiff reported that in 2008 she is receiving $657 in monthly benefits. She has also received a $300 stimulus payment. Plaintiff reports no money in checking or savings, but she does own a 1996 Geo Metro valued at $400. Plaintiff states that she has no debts, and she lists monthly living expenses such as rent, utilities and food that consume her monthly benefit of $657. Plaintiff also reports that she has an adult daughter that is dependent on her for housing, food, personal items, and co-payments for medication. Defendants have not directed the undersigned to any evidence of record that would contest these sworn representations.

The record reflects that Plaintiff is living in true poverty and that the imposition of approximately $2,000 of costs on her would, if she could pay it, consume more than 25% of her annual income. That would plainly impose a serious hardship on Plaintiff that could deprive her of the ability to purchase the basic necessities of life. The parties have not

directed the undersigned to any evidence regarding the relative financial resources of Canal Insurance Company, Jim Newsom Trucking, or Fred T. Harbor, Jr. (the Newsom driver), but it is likely safe to assume that the denial of approximately $2,000 in costs to them would be of relatively little financial significance. Under these circumstances, the undersigned would exercise his discretion in favor of denying the taxation of costs.

**Alternative; Particular Costs Disallowed**

Plaintiff argues in the alternative to denial of costs that some of the particular costs awarded by the Clerk were inappropriate and should be disallowed. Plaintiff challenges the award for the cost of the depositions of Trooper Williams and Trooper Cuenca. Although courts have a great deal of discretion in determining which costs to award, it has been the policy in the Western District of Louisiana to award deposition costs only if the deposition is placed in evidence at trial, used to support a motion for summary judgment, or used for impeachment purposes at trial. This policy is rooted in the language of 28 U.S.C. § 1920 that costs may be awarded for a stenographic transcript "necessarily obtained" for use in the case. Some courts have held that the statute permits an award of costs for depositions reasonably expected to be used for trial preparation, rather than mere discovery or convenience of counsel, but this district has exercised its discretion to apply the statute more narrowly. Of course, a particular judge always has the discretion to depart from the uniform policy that is employed by the Clerk on the initial assessment.

Defendants' application stated, with respect to those two depositions, only that the depositions were taken in preparation for trial, the witnesses testified (live) at trial, and that the depositions "were necessary to ensure accurate recounting of testimony at trial and impeachment, *if necessary*." (emphasis added). Defendants represented in their bill of costs that the depositions of three other witnesses were actually used in cross-examination, but there was no representation that it ever became "necessary" to use the depositions to impeach or otherwise cross-exam Trooper Williams or Trooper Cuenca. The burden was on Defendants to articulate a factual basis for their claim under the local policies regarding the award of costs, and Defendants did not meet that burden with respect to those two depositions. The costs for the depositions of Trooper Williams and Trooper Cuenca should be disallowed.

Plaintiff next challenges the $40 that was taxed for a witness fee paid to Dr. Jose Ferrer. Defendants concede that they are not entitled to this cost because Ferrer was Plaintiff's witness, so the cost should be disallowed.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Review Clerk's Taxation of Costs (Doc. 64) be **granted** by setting aside the Clerk's award of costs.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of July, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE